GLASSER, J.

REYES, M.J.

FILED
CLERK

2015 OCT 30  AM 11: 44

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

| | |
|---|---|
| CYDNEY GILMORE, on behalf of herself and all others similarly situated, | ECF Case |
| Plaintiff, | Case No. |
| - against - | **NOTICE OF REMOVAL** |
| ALLY FINANCIAL INC. and ALLY BANK, | **CV 15    6240** |
| Defendants. | |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1367,

1441, 1446, and 1453, Defendants Ally Financial Inc. and Ally Bank (collectively, "Ally"), by

and through their undersigned counsel, hereby remove the above-captioned civil action, Index

No. 511499/2015, and all claims and causes of action therein, from the Supreme Court of the

State of New York, County of Kings, to the United States District Court for the Eastern District

of New York. In support of this Notice, Ally states as follows:[1]

I.     **THE STATE COURT ACTION**

1.     On or about September 18, 2015, Plaintiff Cydney Gilmore ("Plaintiff"),

filed the above-captioned action in the Supreme Court of the State of New York, County of

Kings, Index No. 511499/2015 (the "State Court Action"). Plaintiff commenced the State Court

Action by filing a Summons with Notice. Plaintiff did not file a complaint in the State Court

Action. The Summons with Notice in the State Court Action is attached hereto as Exhibit A.

2.     Plaintiff purports to bring the action "on behalf of herself and all others

similarly situated." (*See* Exh. A at 1). The State Court Action asserts claims under the Equal

---

[1]  The statements and allegations in this Notice of Removal concern the Court's removal jurisdiction only. By making these statements and allegations, Ally in no way concedes that Plaintiff or any putative class member is entitled to recovery or that any class may be certified in this action.

Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and New York General Business Law § 349, and seeks damages and/or rescission in an amount to be determined at trial. (*Id.*).

## II.   THE REQUIREMENTS FOR REMOVAL BASED ON FEDERAL QUESTION JURISDICTION ARE SATISFIED

3.      Federal courts have original jurisdiction over actions arising under the "laws . . . of the United States." 28 U.S.C. § 1331; *see also Snakepit Automotive, Inc. v. Superperformance Intern., LLC*, 489 F. Supp. 2d 196, 200 (E.D.N.Y. 2007). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.      In this action, Plaintiff asserts a claim under ECOA, 15 U.S.C. §§ 1691-1691f. (*See* Exh. A at 1). Accordingly, this action arises under the "laws of the United States," 28 U.S.C. § 1331, and therefore is subject to removal under 28 U.S.C. § 1441(a), on the ground that it could have been brought, originally, in this Court.

## III.   ADDITIONAL GROUNDS FOR REMOVAL

5.      Plaintiff's Summons with Notice fails to allege with specificity, or even to provide minimal notice of the basis for the alleged claims or amount of damages sought in this action.

6.      Upon information and belief, this Court also has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), and the action therefore is removable to this Court pursuant to 28 U.S.C. § 1441(a). In addition, upon information and belief, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6), and this action therefore is removable to this Court pursuant to 28

U.S.C. § 1441(a).

7.      Upon information and belief, the parties in this action are of completely diverse citizenships, as follows:

     a.  Upon information and belief, Plaintiff is a citizen of the State of New York.

     b.  Defendant Ally Financial Inc. is a Delaware corporation with its principal place of business in Michigan.  Ally Financial Inc. therefore is a citizen of Delaware and Michigan for diversity purposes.

     c.  Defendant Ally Bank is a Utah-chartered state bank with its principal place of business in Utah.  Ally Bank therefore is a citizen of Utah for diversity purposes.

8.      Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332 (a)(1) and (c)(1).  Upon information and belief, Plaintiff is a citizen of New York for diversity purposes, and no defendant is a citizen of New York.  Accordingly, because Plaintiff is not a citizen of the same state as either of the defendants, complete diversity of citizenship exists in this case. *See E.R. Squibb & Sons, Inc. v. Cas. Inc. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship") (quoting *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)); *see also Wisconsin Dep't of Correction v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.") (internal quotation marks omitted).

9.      Upon information and belief, all of the requirements of 28 U.S.C.

3

§ 1332(a)(1), are satisfied, and the action therefore is removable to this Court pursuant to 28 U.S.C. § 1441(a).

        10.    Upon information and belief, all of the requirements of 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6), are satisfied, and the action therefore is removable to this Court pursuant to 28 U.S.C. § 1441(a). *See generally Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

        11.    Ally reserves the right to amend this Notice of Removal to further state facts in support of removal after Plaintiff files a complaint in this Court.

## IV.    REMOVAL TO PROPER COURT

        12.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Ally files this Notice of Removal in this Court, which is the federal district court embracing the location of the court where Plaintiff filed the State Court Action.

        13.    Upon information and belief, venue is proper in this Court under 28 U.S.C. § 1391.

## V.    PROCESS, PLEADINGS, OR ORDERS SERVED

        14.    Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court and served on Ally are attached hereto as Exhibit A, in compliance with 28 U.S.C. § 1446(a). Ally paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

## VI.    ALLY TIMELY FILED THIS NOTICE OF REMOVAL

        15.    Upon information and belief, Plaintiff served the Summons with Notice on the New York State Secretary of State on or about September 30, 2015.

        16.    CT Corporation, Ally's agent, received a copy of the Summons with Notice

from the New York State Secretary of State on or about October 9, 2015. Ally received a copy

of the Summons with Notice from CT Corporation on that same day, October 9, 2015.

Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. *See Whitaker v.*

*Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001); *Boone v. Thane*, No. 07-cv-4358, 2009

WL 910556, at *2 (E.D.N.Y. Mar. 31, 2009) ("[W]hen service of process is made upon a

statutory agent rather than on the defendant personally, the thirty-day period during which the

defendant may remove the case does not begin with service upon the agent, but rather, when the

defendant receives personal service of the summons and complaint.") (internal citation omitted).

       17.     Pursuant to 28 U.S.C. § 1446(d), Ally will promptly serve a copy of this

Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Supreme

Court of the State of New York, County of Kings. Attached hereto as Exhibit B is a copy of the

Notification of Filing of Notice of Removal, excluding exhibits.

       18.     No previous Notice of Removal has been filed in this Court for the relief

sought herein.

**VII.    REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE**

       19.     In the event that Plaintiff seeks to remand this case, or the Court considers

remand *sua sponte*, Ally respectfully requests the opportunity to submit such additional

argument or evidence in support of removal and federal jurisdiction as may be necessary. *See*

*Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) ("it is proper to treat the removal petition

as if it had been amended to include the relevant information contained in the later-filed

affidavits"); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Ryan v. Dow*

*Chemical Co.*, 781 F. Supp. 935, 939-41 (E.D.N.Y. 1992).

WHEREFORE, Ally respectfully removes this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         October 30, 2015

                                   Respectfully submitted,
                                   BUCKLEYSANDLER LLP

                                   *Counsel for Defendants Ally Financial Inc. and Ally Bank*

By:   _Ross Morrison_

                                   Ross E. Morrison
                                   John M. Hendele IV
                                   1133 Avenue of the Americas, Suite 3100
                                   New York, New York 10036
                                   Tel.: (212) 600-2315
                                   rmorrison@buckleysandler.com
                                   jhendele@buckleysandler.com

6

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
CYDNEY GILMORE, on behalf of herself and all others
similarly situated,

Index No.:

Plaintiff,

**Summons With Notice**

-against-

Kings County is designated
as venue for trial

ALLY FINANCIAL INC. and ALLY BANK,

Defendants.
-----------------------------------------------------------------------X
To the above named Defendants:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

**NOTICE,** the nature of this action is for *inter alia*, Deceptive Business Practices under New York General Business Law §349 and Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f.

The relief sought is for damages and/or rescission based upon statutory and common law with an exact amount to be determined at trial. Upon your failure to appear, judgment will be taken against you by default for an amount to be determined at trial with interest at the rate prescribed by law from the date of contract, and costs and disbursements of this action.

Dated: Forest Hills, New York
        September 10, 2015

JEFFREY BENJAMIN, P.C.

*Jeffrey Benjamin*

By:     Jeffrey Benjamin
Attorneys for Plaintiffs
118-21 Queens Blvd., Suite 501
Forest Hills, NY 11375
(718) 263-1111

DEFENDANTS' ADDRESSES:

ALLY FINANCIAL INC.
200 RENAISSANCE CTR
DETROIT, MICHIGAN, 48265

ALLY BANK
6985 UNION PARK CENTER
SUITE 435
MIDVALE, UTAH, 84047

2

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| CYDNEY GILMORE, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>     - against -<br><br>ALLY FINANCIAL INC. and ALLY BANK,<br><br>                Defendants. | Index No. 511499-2015<br><br>**NOTIFICATION OF REMOVAL** |

       PLEASE TAKE NOTICE that on October 30, 2015, pursuant to 28 U.S.C. §§

1331, 1332, 1367, 1441, 1446, and 1453, Defendants Ally Financial Inc. and Ally Bank

removed this action to the United States District Court for the Eastern District of New York.  A

true and correct copy of the Notice of Removal and all exhibits thereto is attached hereto as

Exhibit A.

DATED:      New York, New York
               October 30, 2015

                               BUCKLEYSANDLER LLP
                               *Counsel for Defendants Ally Financial Inc.*
                               *and Ally Bank*

       BY:     _____
                               Ross E. Morrison
                               John M. Hendele IV
                               1133 Avenue of the Americas, Suite 3100
                               New York, New York  10036
                               Tel.: (212) 600-2315
                               rmorrison@buckleysandler.com
                               jhendele@buckleysandler.com